IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 19-1434 JB |
| **LYRON WOOLRIDGE**, | ) | |
| Defendant. | ) | |

## **UNOPPOSED MOTION FOR *LAFLER/FRYE* HEARING BEFORE MAGISTRATE**

The United States respectfully moves this Court to order a hearing before a United States Magistrate Judge to inquire with the defendant, Lyron Wooldridge (hereinafter, "Defendant"), and his attorney, Melissa Morris, whether the Defendant knowingly rejected, with the assistance of competent counsel, the plea offer extended by the United States in this matter. In support of this motion, the United States provides the following:

1. A criminal defendant has the right to effective assistance of counsel during pre-trial plea negotiations, including with respect to plea offers that lapse or the defendant rejects. *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 134 (2012).

2. The United States extended a plea offer to Defendant, and the Defendant signed a plea agreement on or about December 23, 2020. The agreement was signed by the Assistant United States Attorney, and the case was scheduled for a plea hearing to occur on January 7, 2021. On January 7, 2021, the Defendant refused to leave his cell to come to his plea hearing. The signed plea was never entered on the Court record, and the parties are scheduled again for trial.

1

3.	As the United States informed counsel for Defendant during the now-lapsed plea negotiations, should this case proceed to trial, the United States will likely seek a superseding indictment to including an A-level charge, as this is the most serious, readily provable charge supported by the evidence.  Should the grand jury return such a superseding indictment, the Defendant will face a mandatory minimum of ten years in prison. To protect against any future claim of ineffective assistance of counsel on this issue, the United States respectfully requests that the Court direct a magistrate judge to inquire on the record at a hearing whether defense counsel informed Defendant of the United States' plea offer, and whether Defendant chose to reject this offer.  Since the parties did have a signed plea agreement in December of 2020, the United States is confident that defense counsel adequately informed the Defendant of the plea offer.  However, the United States seeks clarity that the Defendant knowingly rejected that offer, with a full appreciation of the consequence of such rejection, including the potential of a superseding indictment, a trial, and increased sentencing exposure.

4.	Further, the United States requests that the Court direct the magistrate judge to make the signed plea agreement a sealed exhibit at the hearing and verify that Defendant and defense counsel discussed the terms of the agreement before rejecting the United States' proposed resolution.

5.	The United States has conferred with Defendant's attorney, Melissa Morris, and she does not oppose the Court ordering a *Lafler/Frye* hearing in this matter.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

/s/  March 31, 2021
LETITIA CARROLL SIMMS
ALEXANDER M. M. UBALLEZ
Assistant U.S. Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendants.
*filed electronically*
Letitia Carroll Simms